Jennifer M. Kurtz
The Law Offices of Jennifer M. Kurtz, LLC
540 Old Bridge Turnpike
South River, NJ 08882
Tel: 732-390-5262
Fax: 732-390-2162
jennifer.kurtz@kurtz-law.com
Attorneys for Plaintiff,
Mort Schneider

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| Mort Schneider, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| Penncro Associates, Inc., | : | |
| Defendant. | : | |
| | : | |

## <u>VERIFIED COMPLAINT</u>

Plaintiff, Mort Schneider (Plaintiff), through his attorneys, Krohn & Moss, LTD., alleges

the following against Defendant, Penncro Associates, Inc., (Defendant):

### INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15

    U.S.C. 1692 et seq.* (FDCPA).

## PARTIES

2. Plaintiff is a natural person residing in Tom's River, New Jersey and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

3. Defendant is a collection agency with a principal place of business located in South Hampton, Pennsylvania.

4. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

5. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. Defendant conducts business in the state of New Jersey, and therefore, personal jurisdiction is established.

8. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Defendant called from its phone number 866-430-5271 to Plaintiff's home phone number 732-286-0913.

11. At or around 8:00 am, almost every morning, Plaintiff received a telephone call from Defendant regarding the alleged debt.

12. Despite repeated requests for any information regarding the alleged debt, Defendant refuses to provide any and instead states it will just call back the next day.

13. Defendant failed to send written verification of the alleged debt to Plaintiff despite repeated requests for same.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

   c. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a

judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Wherefore, Plaintiff, Mort Schneider, respectfully requests judgment be entered against Defendant, Penncro Associates, Inc., for the following:

15. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mort Schneider demands a jury trial in this cause of action.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

DATED:  September 21, 2011        The Law Offices of Jennifer M. Kurtz, LLC


By:/s/  Jennifer M. Kurtz_____

Jennifer M. Kurtz
Attorney for Plaintiff,
Mort Schneider

## **VERIFICATION**

STATE OF NEW JERSEY

      Plaintiff, Mort Schneider, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;

      Pursuant to 28 U.S.C. § 1746(2), I, Mort Schneider, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated:

                                        Mort Schneider

5